NOT FOR PUBLICATION [Docket No. 6]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARY E. DEMARY<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNEDY HEALTH SYSTEM,<br><br>　　　　Defendant. | Civil Action No.<br>11-cv-5984 RMB/JS<br><br>**OPINION AND ORDER** |

Appearances:

James M. Carter
Law Offices of Hoffman Dimuzio
4270 Route 42
Turnersville, NJ 08012

　　Attorneys for Plaintiff

Amy Leigh Bashore
Patricia A. Smith
Ballard Spahr LLP
210 Lake Drive Easte, Suite 200
Cherry Hill, NJ 08002

　　Attorneys for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　Defendant Kennedy Health System ("Defendant") has moved to dismiss Plaintiff Mary E. DeMary's ("Plaintiff") Complaint (the "Complaint"). For the reasons that follow, that motion is GRANTED, in part, and DENIED, in part.

1

I.   Background[1]

Plaintiff is a former employee of Defendant. She was hired by Defendant as a staff nurse in September 2001 and promoted to the position of Assistant Nurse Manager on April 24, 2009. On July 22, 2009, Plaintiff filed a complaint of discrimination with the New Jersey Division on Civil Rights ("NJDCR") (the "NJDCR Complaint"), simultaneously filing the complaint with the Equal Employment Opportunity Commission ("EEOC"). The NJDCR Complaint alleged that, beginning on May 25, 2009, Defendant had discriminated against Plaintiff, on the basis of race, in three respects: (1) failing to provide her with a shift schedule in advance, (2) failing to provide her with training for her new position as Assistant Nurse Manager; and (3) assigning her the duties of a staff nurse, despite her title of Assistant Nurse Manager. See Ex. B to Defendant's Motion to Dismiss.

While Plaintiff was subsequently terminated from her position on September 18, 2009, Plaintiff never informed the NJDCR of her termination. And, a year and a half later, on February 15, 2011, when the NJDCR issued a decision on Plaintiff's NJDCR Complaint, it mistakenly believed that

---

[1] The facts recited herein are drawn from: (1) Plaintiff's Complaint; and (2) Plaintiff's files with the New Jersey Division on Civil Rights and the Equal Employment Opportunity Commission. The latter may be considered on Defendant's motion to dismiss because Plaintiff's filings are referenced by (Compl. ¶ 6) and integral to Plaintiff's Complaint. See Ruddy v. U.S. Postal Serv., 455 F. App'x 279, 283 (3d Cir. 2011)(holding that it was proper for District Court to rely on Equal Employment Opportunity file because it was referenced by, and integral to, complaint of discrimination).

2

Plaintiff remained employed with the Defendant.  It found, however, that there was no probable cause for the claims Plaintiff's NJDCR Complaint had raised.  In short, NJDCR concluded that "the investigation did not show that race played any role in [Defendant's] scheduling, assignment, or training decisions for Assistant Nurse Managers."  See Defendant's Motion to Dismiss Ex. D.  Plaintiff subsequently appealed this determination to the New Jersey Superior Court Appellate Division, but withdrew her appeal before she received a ruling.

Plaintiff's Complaint asserts two claims: (1) that her termination violated Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) that the actions alleged in her NJDCR Complaint also violate Title VII.

II.  Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quotations and citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

## III. Analysis

Defendant argues that: (1) Plaintiff's first claim should be dismissed because she failed to exhaust her administrative remedies; and (2) Plaintiff's second claim should be dismissed because she is collaterally estopped from litigating the propriety of the Defendant's conduct with respect to that claim because of the NJDCR's decision and her subsequent appeal.  The Court addresses each argument in turn.

### A.   Defendant's Exhaustion Argument

In order to bring a claim under Title VII, a plaintiff must first file a charge with the EEOC and exhaust his or her opportunity for administrative relief.  Webb v. City of

Philadelphia, 562 F.3d 256, 262 (3d Cir. 2009).  That filing places the EEOC "on notice of the plaintiff's claims and afford[s] it the opportunity to settle disputes through conferences, conciliation, and persuasion, avoiding unnecessary action in court."  Id. (quotation and citation omitted).  Though this requirement must be "interpreted in a nontechnical fashion," plaintiffs may not "bypass the administrative process."  Id. at 262-63.  Rather, plaintiffs may only bring suit in federal courts on claims within the scope of the EEOC charges themselves or "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before [the EEOC]."  Robinson v. Dalton, 107 F.3d 1018, 1025-26 (3d Cir. 1997).

   Here, Plaintiff's termination claim was not directly within the scope of Plaintiff's initial NJDCR Complaint.  The NJDCR Complaint is limited to three discrete instances of discriminatory treatment based on Plaintiff's shift schedule and duties, as well as a lack of training.  None of these charges are based on Plaintiff's allegedly unlawful termination, which occurred after she filed the NJDCR Complaint  Neither can it be said that Plaintiff's termination is a claim that could reasonably be expected to grow out of an EEOC investigation of the charges Plaintiff did assert. While some courts have

5

concluded that a termination claim would reasonably be expected to grow out of an investigation of other charges of discrimination[2], such analysis is "fact specific" and must be effected on a "case-by-case basis" (Robinson, 107 F.3d at 1024). And, under these specific facts, Plaintiff's termination fails this test for four reasons:

(1) Plaintiff's NJDCR Complaint did not suggest that termination was a possibility;

(2) Plaintiff did not alert the NJDCR or EEOC that she had been terminated despite ample time to do so while her claim was pending;

(3) the NJDCR investigated the claims Plaintiff had made and found them to be without merit, giving it little reason to expand its investigation beyond the charges lodged in the NJDCR complaint; and

(4) NJDCR did not, in fact, discover Plaintiff's termination during its investigation and there is nothing to suggest that its investigation was unreasonable, particularly in light of the above.[3]

---

[2] See Cooper v. Pasadena Unified School District, 255 F. App'x 99, 100 (9th Cir. 2007)("[A] wrongful termination charge could reasonably be expected to grow out of an EEOC investigation of [Plaintiff's] allegation of continuing harassment by the personnel office over a time span encompassing [Plaintiff's] appeal of his termination proceedings.")(emphasis added); Prewitt v. Walgreens Co., No. 11-02393, 2012 WL 4364660, at *6 (E.D. Pa. Sept. 25, 2012)(holding that claim of retaliatory discharge would grow out of a reasonable investigation of claim of discrimination); Benard v. Washington Cty., 465 F. Supp. 2d 461, (W.D. Pa. 2006)(finding that plaintiff's termination claim could reasonably be expected to grow out of investigation, where it was predicated on same facts as unlawful suspension and retaliation claims).

[3] Clayton v. Rumsfeld, 106 F. App'x 268, (5th Cir. 2004)(holding that plaintiff's failure to raise discharge claim in administrative process was fatal); Simmons-Myers. V. Caesars Entertainment Corp., No. 10-cv-216, 2012 WL 2885366, at *4 n. 5 (N.D. Miss. July 13, 2012)(recognizing that, where there is no evidence that EEOC was "aware of or considered the Plaintiff's termination," it "could not reasonably be expected to grow out of the charge of discrimination.")(quotation and citation omitted); Lucas v. City of Phila., No. 11-4376, 2012 WL 464929, at *4 (E.D. Pa. Feb. 13, 2012)(finding that dismissal of termination and

Because Plaintiff failed to exhaust her termination claim, dismissal of that claim is warranted. Burg v. U.S. Dep't of Health and Human Servs., 387 F. App'x 237, 241 n. 6 (3d Cir. 2010)(recognizing that failure to exhaust may be raised, in appropriate circumstances, on a motion to dismiss).

B.   Defendant's Collateral Estoppel Argument

While this Court must give full faith and credit to state-court judgments, state law preclusion rules do not apply, in Title VII suits, to judicially unreviewed administrative findings by state agencies, even if the findings would be afforded preclusive effect in the state's own court. Roth v. Koppers Indus., 993 F.2d 1058, 1062 (3d Cir. 1993)("Following [University of Tennessee v. Elliott, 478 U.S. 788 (1986)], the courts of appeals have unanimously concluded that unreviewed administrative agency findings can never be accorded issue preclusive effect in Title VII proceedings."). And, here, the NJDCR's findings have never been reviewed by court. Therefore,

---

retaliation claims would be appropriate if plaintiff had failed to file such charges with the EEOC); Anderson v. McIntosh Inn, 295 F. Supp. 2d 412, 423 (D. Del. 2003)(finding that allegations of pay discrimination cannot be expected to grow out of charge of wrongful termination); Tatum v. Hosp. of Univ. of Pa., No. 98-6198, 1999 WL 482350, at *3 (E.D. Pa. June 28, 1999)(finding that termination claim could not reasonably be expected to grow out of investigation of EEOC charges were charges of different nature, the underlying facts were largely unrelated, and the defendant had set forth a legitimate, non-discriminatory reason for discharge); Gluvgover v. Coca-Cola Bottling Co. of N.Y., No. 91 Civ. 6331, 1993 WL 312269, at *13 (S.D.N.Y. Aug. 12, 1993)(concluding that termination claim was not reasonably related to EEOC charge which did not set forth a grievance about the termination itself).

7

Plaintiff is not collaterally estopped from raising her disparate treatment claims here by the adverse finding of the NJDCR.[4]

IV. Conclusion

For all these reasons, Defendant's Motion to Dismiss is DENIED, in part, and GRANTED, in part, as set forth above.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: October 24, 2012

---

[4] Defendant argues that, under Hedenburg v. Bandon Am., Inc., preclusion is appropriate where, as here, the plaintiff sought appellate review of an adverse NJDCR finding but withdrew the appeal prior to a decision by the Appellate Division. Hedenburg v. Bandon Am., Inc., No. 91-4477, 1992 WL 443432, at *10 (D.N.J. Mar. 3, 1992). In Hedenburg, the court found that, under those circumstances, the NJDCR decision should be considered "reviewed" for claim preclusion purposes because the New Jersey preclusion rules would regard it as such. Id. But Hedenburg conflates the appropriate analysis. Federal courts assess state law preclusion principles only once they determine that there is a judicially reviewed finding; they do not consider them to determine whether state law would consider something short of judicial review to be preclusive. Roth, 993 F.3d at 1000 (recognizing that judicially unreviewed agency findings do not preclude court review, even if the decision would be afforded preclusive effect in a state's own courts).